## Commonwealth v. Clemmer

*James A. Wimmer*, Assistant District Attorney, for Commonwealth.

*Clemens & Nulty*, for defendant.

HEIMBACH, P. J., October 7, 1974.—Defendant was clocked by a State Policeman operating his vehicle at a speed of 70 miles per hour in a 55-mile-per-hour speed zone and, as a result of a radio call, was stopped by another State Policeman in uniform. The "clocking" State Policeman, who was not in uniform, produced his badge and in the presence of defendant related the clocking event to the uniformed State Policeman, who thereupon issued a citation for speeding.

At the hearing, over objection of defendant, we received in evidence official certificates attesting to the approval of the testing station and of speedometer accuracy of the vehicle used in clocking defendant. At the conclusion of the Commonwealth's case defendant sought an acquittal, stating that the court erred in admitting into evidence such official certificates.

The thrust of his argument is that defendant was charged with the violation of section 1002 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §1002, by the issuance of a citation and not by an information, a requirement under such section 1002(d) for the admission of an official certificate of speedometer accuracy. He supports this contention by stating the following:

"In Commonwealth v. Wolfgang, 120 Pa. Superior Ct. 252 (1935), the Superior Court advanced three ideas which are applicable here:

" 'Whatever may have been the legislative thought, no ambiguity exists in what they have said, and when

the words of a statute are plainly expressive of an intent, the interpretation must be in accordance therewith.' (at page 255)

" '. . . (H)ere we encounter the rule of interpretation that forbids any construction of a penal statute that would extend its meaning beyond its words. No person is to be made subject to a penal statute by implication, all doubts concerning their interpretation are to preponderate in favor of the accused.' (at page 256)

" 'The doctrine is that, when an offense is created by statute, and the same statute prescribes the penalty or *the mode of procedure or anything else of the sort, only that which the statute provides can be followed.'* (at page 256, emphasis supplied)

"In accord with the idea of strict construction of penal statutes is Commonwealth v. Anspach, 134 Pa. Superior 369, 371 (1939) and the Statutory Construction Act, Article IV, Section 58 (46 P.S. Sec. 558)."

Defendant's contention is without merit.

The Judiciary, Article V, sec. 10(c), of the Constitution provides, inter alia, that the Supreme Court shall have the power to prescribe general rules governing practice, procedure, etc., and all laws inconsistent with such rules are suspended.

Rule of Criminal Procedure 51 eliminates the filing of an information. See comment to such rule, which states:

"This rule eliminates the filing of an information as a means of instituting criminal proceedings in summary cases. Pursuant thereto, Vehicle Code sections providing for informations have been suspended. See Rule 159 (a) and (b)."

The provision for the admission of official certifi-

cates, section 1002(d)(1), being procedural, by operation of Rule 51, a proceeding instituted by a citation furnishes the basis for such admission.

Defendant's further reason for acquittal is that the magistrate never acquired jurisdiction, since the service on defendant of a citation by the uniformed policeman on information received was without legal sanction.

This reason is likewise without merit. The issuance of the citation was predicated on information received from a fellow policeman that the latter "clocked" defendant for a sufficient distance in a vehicle equipped with a speedometer tested for accuracy. Rule 51(1) provides:

"A. Criminal proceedings in summary cases shall be instituted by:

"(1) A citation *issued to the defendant* when the offense is a summary offense under the Vehicle Code, provided the police officer is in uniform."

In the comments, it is stated:

"Evidence upon which a police officer may issue a citation to the defendant may be received by him . . . of a summary violation based on radar or other speed timing equipment."

In the instant case, the evidence received was based on speed timing equipment, to wit, a tested speedometer.

Since no evidence other than that presented by the Commonwealth was produced, and being satisfied of defendant's guilt beyond a reasonable doubt, we enter the following adjudication, viz:

Now, October 7, 1974, we find defendant guilty of speeding as charged. Defendant is directed to pay a fine of $10 and costs to the Clerk of Courts within ten days from the date hereof, otherwise to appear for sentence on Tuesday, October 22, 1974, at 10 a.m.